## C. R. LILE, Respondent, v. SMITH GIBSON, Appellant.

### Kansas City Court of Appeals, January 20, 1902.

1. **Ditches and Drains**: JUSTICES' COURTS: JURISDICTION: SERVICE OF SUMMONS: STATUTORY CONSTRUCTION. In a proceeding to open ditches over the lands of another, for agricultural purposes, the service of summons on the defendant landowner in the county where the land is situated and the proceeding begun, confers jurisdiction on the justice though such defendant resides in another county.

2. ———: ———: ———: COUNTY LINE: THE RES. A proceeding before a justice of the peace to drain land for agricultural purposes is an exercise of the right of eminent domain and the *res* is the defendant's rights in his land, and it is immaterial in what county the lands to be drained lie as the proceeding affects only the land over which the ditch is to be constructed.

3. ———: ———: STATEMENT: PLAT. In a proceeding before a justice of the peace to ditch land for agricultural drainage, the statute does not require any statement or petition to be filed with the justice, but a rough sketch or plat of the land to be drained and of the lands across which the drain is to be constructed, and where such statement is in fact filed, the averments thereof can not affect the jurisdiction of the justice.

4. ———: ———: ———: ———: EVIDENCE. In a proceeding to drain land for agricultural purposes the plat filed with the justice may be amended by another plat and the original and amended plat may go to the jury as such.

5. ———: MEASURE OF DAMAGES: INSTRUCTIONS. Instructions relating to the measure of damages where ditches are constructed across land for the purpose of agricultural drainage are set out in the opinion and approved.

6. ———: ———: ———: REPAIR. The repair of ditches constructed for agricultural drainage is not cast upon the landowner; he is only required to keep the ditch open through his land; and the statute does not contemplate that the keeping of the ditch open shall be taken into consideration in assessing damages to his land.

7. ———: JUDGMENT: PRACTICE. A judgment, defective and informal, is not a subject of complaint where the appellant is not harmed thereby.

Appeal from Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*J. C. Wilson* and *Hall & Hall* for appellant.

(1) Both plaintiff and defendant were residents of Harrison county, and the land of plaintiff, which he sought to drain, and which constituted a part of the subject matter of the action, was situated in Harrison county. It follows that a justice of the peace of Grundy county would have no jurisdiction of the action, both because of the residence of the parties, and because of the fact that part of the land involved was without his jurisdiction. R. S. 1899, secs. 3839-3843; Smith v. Sampson, 80 Mo. 634; Creason v. Railroad, 17 Mo. App. 111; White v. Railroad, 72 Mo. App. 400; Warden v. Railroad, 78 Mo. App. 664; Bank v. Doak, 75 Mo. App. 332; Ins. Co. v. Reisinger, 43 Mo. App. 571. (2) The statement or petition fails to describe the strip of land sought to be taken, nor does it refer to or make a part of it, any plat by which the description could be ascertained, or the particular strip of land identified. This is fatal to the jurisdiction of the justice. 7 Am. and Eng. Ency, Pl. and Pr., p. 211; Clark v. Teller, 50 Mich. 618; Hall v. Slaybaugh, 69 Mich. 484; Kroop v. Forman, 31 Mich. 144; 7 Am. and Eng. Ency. Pl. and Pr., pp. 520 to 525; Mining Co. v. Joplin, 124 Mo. 129. If the statement had referred to a plat and made the same a part of it, this might have been sufficient. Cory v. Railroad, 100 Mo. 282. 7 Am. and Eng. Ency. Plead. and Prac., pp. 525, 526, and cases cited. (3) The power to

condemn "for agricultural and sanitary purposes," is confined by statute to the county court alone.    The power given to justices of the peace is to condemn "for agricultural purposes only."    "When the power to condemn is vested in one tribunal, it can not be exercised by another."    St. Louis v. Gleason, 89 Mo. 72; 2 Dill. Mun. Corp. (3 Ed.), sec. 604. (4)    The application or petition should state every fact necessary to show authority to condemn the land of defendant, under article 2, of chapter 99; if it fails to do this, the justice acquires no jurisdiction.    St. Louis v. Gleason, 89 Mo. 67; Fox v. Holcomb, 34 Mich. 298; London v. Sample Lum. Co., 91 Ala. 606; State v. Telephone Co., 51 N. J. Law 83; Wisconsin Wat. Co. v. Winans, 85 Wis. 26; Winnebago Fur. Co. v. Railroad, 81 Wis. 389; 7 Am. and Eng. Ency. Plead. and Prac., p. 527; Railroad v. Gault, 133 Ill. 657; Fore v. Hoke, 48 Mo. App. 254; City of Hopkins v. Railroad, 79 Mo. 100; Orrick Sch. Dist. v. Dorton, 125 Mo. 439; Jones v. Zink, 65 Mo. App. 409; State ex rel. v. School Dist., 79 Mo. App. 103.    And the same rule applies in this State to proceedings to condemn land for drainage purposes.    Eaton v. St. Charles Co., 8 Mo. App. 177.    (5)    The judgment is erroneous and void upon its face.    Chaplin v. Highway Comrs., 129 Ill. 651; Hull v. Baird, 73 Iowa 528; Stout v. Freeholders, 25 N. J. Law 202; Bass v. Elliot, 105 Ind. 517; Miller v. Graham, 17 Ohio St. 1; Caldwell v. Harrison Twp., 2 Ohio Cir. Ct. Rep. 10; State v. Curtis, 86 Wis. 140; 7 Am. and Eng. Ency. Plead. and Prac., pp. 585-599; Const. of Mo., art. 2, sec. 20; Colville v. Judy, 73 Mo. 651; Whitely v. Platte Co., 73 Mo. 30; Cox v. Tipton, 18 Mo. App. 450; Blize v. Castlio, 8 Mo. App. 290; Fisher v. Davis, 27 Mo. App. 326; Kansas City v. Knotts, 78 Mo. 326; State ex rel. v. Engelmann, 106 Mo. 628.    (6) The instructions for the plaintiff are all erroneous.    Schaub v. Railroad, 106 Mo. 74; McGowan v. Ore & Steel Co., 109 Mo. 518; Doyle v. Railroad, 113 Mo. 280; Newby v. Platte Co., 25 Mo. 258;

Daugherty v. Brown, 91 Mo. 26; Railroad v. Baker, 102 Mo. 553; Spencer v. Railroad, 120 Mo. 154; Lipes v. Hand, 104 Ind. 503; In re Great Meadows Drainage, 39 N. J. Law 433; In Matter of 1st St., 66 Mich. 42; 10 Am. and Eng. Ency. Law (2 Ed.), p. 1175; Bouv. Law Dict., title, "Assessment"; Webster's Dict., ib.

*Hugh C. Smith* and *Harber & Knight* for respondent.

(1) The land to be crossed by the proposed drain, and affected thereby, being in Grundy county, a justice of the peace of said Grundy county had jurisdiction of the subject-matter, and the suit was properly brought before a justice of the county where the land to be affected is situate, and the suit could not have been properly brought at any other place. Such is the statute. R. S. 1899, sec. 6964; R. S. 1899, sec. 6971. (2) The statement is sufficient. In fact, it was not necessary to file a statement with the justice at all, as none is required by the act. R. S. 1899, sec. 6964. The allegation that it was for "sanitary" purposes may be disregarded as surplusage. (3) There is certainly nothing in appellant's contention that plaintiff's instructions were not specific enough on the question of damages, when we consider defendant's instruction No. 3 on that question; that instruction enumerates everything counsel could think of, and, as if fearing they had forgotten something, wind it up with the "any and all other matters," etc. The defendant had in their instruction No. 3, given on the question of damages, a far more liberal instruction than they were entitled to. (4) The verdict is in exact accord with sections 6973, and 6965, Revised Statutes 1899, and there is no room for complaint on that ground.

SMITH, P. J.—This is an action which was begun before a justice of the peace, under article 2, chapter 99, Re-

vised Statutes 1899, in relation to ditches and drains. In the circuit court where the cause was removed by appeal, the plaintiff had judgment and the defendant appealed to this court.

I. The defendant assails the judgment on the ground that the justice had no jurisdiction of his person. It is contended that as the land through which it was sought to construct the ditch was in Grundy county and the defendant, the owner thereof, was a resident of Harrison county, that the justice acquired no jurisdiction of the person of defendant, although, he was found and personally served with the summons in Grundy county. We can not agree to this contention. By reference to section 6971, of said article, it will be seen that it is there declared that special jurisdiction is conferred by the provisions of that article upon all justices of the peace to hear and determine and render a binding judgment in all cases arising under it. Section 6964, of said article provides that when anyone desires to construct a ditch through the land of another for drainage purpose and such other will not consent thereto, then the party desiring to drain "may cause a summons to issue from any justice of the peace of the county, returnable in the same manner as summons in civil suits, and proceedings shall be had as in other civil causes before justices of the peace: Provided, that the owner or owners of said land do not reside in said county *or can not be found therein,* summons may be served by leaving a copy with the person in possession or control of the land.

It thus appears that if the defendant can be found in the county where the land is situate and the proceeding begun, as here, that the service of the summons on him in that county will be good even though he resided in another county or out of the State. It results that anything in the statute relating to practice and proceedings before justices of the peace in civil causes, in so far as at variance with the

provisions of said article, can not be invoked as applicable in a case of this kind.

II.   The defendant further insists that the justice was without jurisdiction of the subject-matter of the action, for the reason that the land it was desired to drain was situate in Harrison county, while that over which it was sought to construct the ditch was in Grundy county.   It appears that the north and south line between these counties was that dividing the plaintiff and defendant's lands.   By the provisions of said section 6971, a justice of the peace is authorized, in the exercise of the special and extraordinary jurisdiction thereby conferred, to "render a valid and binding judgment in all cases arising under the provisions of said article."   Under this grant of jurisdiction, the justice is authorized in a proper case to adjudge that the plaintiff have the right to enter upon the lands of the defendant to construct the ditch and to keep the same in repair.   Secs. 6965, 6966.

The power conferred is that of eminent domain.   The *res*, the subject-matter affected by the proceeding, is the defendant's land or his rights thereon which it is proposed to impair.   The justice is not authorized or required by the said statutory provisions to do anything in respect to the lands of the plaintiffs.   It is wholly immaterial in what county the lands lie which it is desired to drain.   It is only those, over which it is sought to construct the ditch, that the jurisdiction relates.   We see no reason to question the jurisdiction of the justice.

III.   The defendant further insists that the petition fails to state that the lands of defendant were in Grundy county. Neither said section 6964 nor any other section of the said article requires the filing of any statement with the justice before the summons shall issue.   Under this statute, when it is desired by any landowner to construct a ditch over the land of another for drainage purposes and the latter will come to no agreement to that end, the former may file with a justice

(section 6968) a rough sketch or plat of the land to be drained and that of all other persons across or upon which the drain is to be constructed, showing the starting point of such drain and its proposed course across or upon the land of others and the point of its discharge, and without any further or other statement, require that officer to issue a summons for the latter.

These statutory provisions were no doubt intended to provide a speedy, inexpensive and simple procedure by which persons desiring to drain lands for agricultural purposes, might for that purpose obtain judicial authority to enter upon the lands of others and construct thereon ditches and drains. It was intended that the rough sketch or plat, to which we have just referred should be the only statement required for the commencement of the action. It gives the landowners whose rights it is sought to affect all the information they need in respect to the proposed drain. The statement was neither required nor necessary and the jurisdiction, therefore, was in no way dependent upon the facts to be set forth by it.

Nor is it fatal to the proceeding that such unrequired and unnecessary statement set forth that the plaintiff desired "to drain his land for agricultural and sanitary purposes." When the plaintiff filed his plat with the justice and directed a summons to issue for defendant, that was sufficient notice that the proceeding had for its object, the construction of a drain for agricultural purposes, as provided in said article. The rules applicable to pleadings in condemnation proceedings, authorized by other statutes, do not apply to cases arising under said article.

IV. It is objected that no rough sketch or plat of the *locus in quo* was filed before the justice. This objection is not supported by the evidence. It appears that on the day of the trial the plaintiff and defendant's attorneys jointly made a rough sketch or plat which they deemed a better description

of the *locus in quo* than that on file and to which they both referred during the trial before the justice. The plaintiff filed this jointly-made plat as an amendment of that filed by him before the issue of the summons. These two plats we have examined and conclude they sufficiently meet the requirements of the statute. Since these "rough sketches or plats" were no more than a statement and amended statement of the plaintiff's cause of action, he had a right to place them before the jury as such.

V.   The defendant complains of the action of the court in giving for plaintiff an instruction touching the assessment of damages, which was to the effect that "in assessing defendant's damages, if any, they will take into consideration the benefits, if any, to defendant's lands as well as damages caused by the construction of said ditch, and if said benefits equal the damages ascertained to said lands, then said benefits may be offset against such damages, and the jury will not in such event allow the defendant any damages, and in case the jury should find that the damages to defendant's land by reason of such ditch should exceed the benefits thereto, then the jury will so state in their verdict, and the amount thereof."

But this instruction should be read in connection with that given for defendant, which declared that if the jury found "that the proposed ditch would drain the water off of plaintiff's land into the lakes or cut-offs, as testified about, and further believe from a preponderance of the evidence, that said lakes or cut-offs are natural depressions, with a continuous channel or outlet leading into Grand river, then and in that event, the jury in estimating the damage done to defendant's farm and to the defendant as owner of same, will allow the defendant the value of the land taken, and the damage done by entering upon and constructing said ditch, the decrease, if any, in the market value of the defendant's farm by the constructing and maintaining said ditch over and across defendant's farm, as shown by the evidence, the man-

ner the farm is divided by said ditch, the increased difficulty of access to and from the several portions; the disfigurement, if any, to the farm; the increased difficulty, if any, of using the part north of the ditch in connection with the south portion of said farm; the cost, if any, that the defendant will be compelled to expend in building and maintaining suitable crossing or crossings for his use and the use of his stock; the ordinary danger to defendant's stock in crossing said ditch; the danger to health, if any, to the occupants of the farm by reason of stalks, drifts and other material being washed into the lakes or cut-offs through said ditch; the unsightliness and obstruction of the embankments, if any, caused by cutting said ditch over and across defendant's farm and the piling of the dirt on either side of said ditch; and any and all other matters, owing to the cutting of the ditch upon defendant's farm, or owing to the particular location of the ditch over and through the farm, as may, in the judgment of the jury, from the evidence in the case, affect the convenience, safe use and future enjoyment of the farm considered as a whole."

The defendant's instruction is but a supplement to that for plaintiff and embraces every conceivable element of damages in such case, and with it given he had no just ground to complain of the action of the court in respect to the rule for the assessment of damages. The finding of the jury under these instructions was sufficient in view of the statute governing the proceeding.

VI. The statute (section 6966) contemplates that the plaintiff shall repair the drain and that the defendant shall after it is opened (section 6973) keep it open through his land, or, in other words, he shall not fill it up or allow it to be filled up under a penalty. The duty to repair is not cast upon defendant by the statute. "Keeping the ditch open" does not seem to be an element which the statute contemplates shall be taken into consideration on assessing the actual damages of the defendant, but if it is, the defendant's instruction,

to which we have already referred, was sufficiently comprehensive in its terms to justify the jury in so considering when assessing the damages. No error is perceived in the giving or refusing of instructions. The evidence was sufficient to authorize the giving of those requested by plaintiff.

VII. The judgment which reads that "defendant recover of the plaintiff twenty-five dollars, the amount of his damages in excess of his profits as found by the jury," is very defective and informal. But it can not harm the defendant for it determines nothing adverse to him nor in favor of plaintiff in respect to the defendant's land.

It follows the judgment must be affirmed. All concur.